(45 South. 416.)

No. 16,906.

STATE v. JAMES.

(Jan. 9, 1908.)

BURGLARY — INDICTMENT — DESCRIPTION OF LOCATION.

By the act of 1805 we are dispensed from following the common-law forms of indictment servilely. Hence allegations usual at common law, but not essential to the full statement of the crime charged, may be dispensed with. In this country, in an indictment for burglary, it has been usual to dispense with mention of the "vill, hamlet or other place within the county" where the house, subject of the burglary, is situated. Therefore an indictment for burglary which alleges that the crime was committed within the parish and gives the name of the owner is sufficient.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Sidney James was convicted of a burglary, and appeals. Affirmed.

Robert Eldridge Brumby, for appellant. Walter Guion, Atty. Gen., and Leland Hugh Moss, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. On an indictment containing two counts, one for larceny, and one for breaking and entering a dwelling house with intent to steal, defendant was found guilty as charged, and was sentenced to three years in the penitentiary, and he has appealed.

On the trial he objected to evidence, and after verdict he moved in arrest of judgment, on the ground that the indictment was defective in not designating with more particularity the location of the dwelling house in question, the only designation given being the name of the owner and the allegation that the crime was committed within the parish of Calcasieu. The contention is that at common law it was required that an indictment for burglary should not only state the county in which the offense was committed, but also the particular parish, vill, hamlet, or other place within the county in which the house was situated, and that, by the act of 1805, our forms of indictment must be according to the common law.

By said statute, however, we are dispensed from following the forms of indictment at common law. If, therefore, we find an unnecessary requirement in the forms of the common law, we may dispense with it. Now, the location of the house does not enter into the crime as one of its constituent elements. The crime is just the same no matter in what part of the parish the house may be situated. Hence the location need not be given in stating the crime. And so we find that this requirement of the old common law has been dispensed with in this country as unnecessary. 4 Cyc. 209.

We will add, however, that in burglary, as in all other cases, the defendant has the right to call for a bill of particulars when the statements of the indictment are too general to enable him properly to make his defense. Marr's Crim. Juris. 433. As defendant did not seek to avail himself of that remedy, it is needless to inquire whether he would have been entitled to it.

Defendant also objected to a certain question put to one of the witnesses of the state. The object of the question was to elicit from the witness that having seen the defendant go into a back room with the watch which had been stolen and return without it, and suspecting that he had thrown it out of the window, she had searched in the weeds

under the window, and found the watch there. The question was:

"How did you come to look for the watch at the place you found it?"

We think the question was unobjectionable. Judgment affirmed.